IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES LAWSON, | § | |
| Plaintiff, | § § § | |
| VS. | § § | CIVIL ACTION NO. SA-15-CA-561-FB |
| STELLAR GTC, LLC, | § § § | |
| Defendant. | § | |

### FINAL JUDGMENT AND ORDER ENTERING CONSENT DECREE

Before the Court is the Joint Motion for Entry of Consent Decree filed December 4, 2015 (docket #12). As set forth in the Decree, the parties have entered into this Consent Decree with the express understanding that it is the product of their settlement negotiations. The Court has reviewed the Consent Decree and finds the parties participated in negotiations and have executed the Consent Decree in good faith.

Accordingly, IT IS HEREBY ORDERED that the Joint Motion for Entry of Consent Decree (docket #12) is GRANTED such that the Consent Decree attached hereto is ENTERED. IT IS FURTHER ORDERED that a Final Judgment is hereby ENTERED in accordance with the Consent Decree filed on December 4, 2015 (docket #12), and this case is DISMISSED. Motions pending, if any, are also DISMISSED.

It is so ORDERED.

SIGNED this 16th day of December, 2015.

_____
FRED BIERY
CHIEF UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JAMES LAWSON,

    Plaintiffs,

                                    CASE NO: SA-15-CA-561-FB

vs.

STELLAR GTC, LLC,

    Defendant.

_____/

## CONSENT DECREE

A Complaint has been filed by Plaintiff for violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.* ("ADA"). The Complaint seeks injunctive relief compelling Defendant, Stellar GTC, LLC, to alter its facility to make it readily accessible to the Plaintiff and all other persons with disabilities as defined by the ADA. The parties and their respective counsel, having consented to the entry of this Decree, agreeing that such Decree is appropriate, it is therefore, ORDERED AND ADJUDGED, and DECREED as follows:

### I. JURISDICTION

This Court has subject jurisdiction over matter and has personal jurisdiction over the parties to this Consent Decree. The parties agree to be bound by the terms of this Consent Decree and not to contest its validity in any subsequent proceeding arising from it.

### II. DEFINITIONS

The following definition shall apply in this Consent Decree: "Standards" means 2010 ADA Standards consisting of both the Title III Regulations at 28 CFR part 36, subpart D; and the 2004 ADAAG at 36 CFR part 1191, appendices B and D.

### III.   RESPONSIBILITIES OF DEFENDANT/WORK PLAN

The Defendant agrees to make the modifications and alterations reflected in the construction documents prepared by the Hospitality Design Group/Robert Lee Herbage approved by architect on July 16, 2015, in compliance with the 2010 ADA Standards consisting of both the Title III Regulations at 28 CFR part 36, subpart D; and the 2004 ADAAG at 36 CFR part 1191, appendices B and D (hereinafter referred to collectively as the "Standards"), at the Charlie's Restaurant and Café which is the subject of this action located at 2922 Broadway Street in San Antonio, Texas (hereinafter "Restaurant").  Defendant shall also comply with the recommendations of Gilbert D. Mobley, Jr., with regard to those construction documents, attached hereto as Exhibit "A."

### IV.   RESPONSIBILITY OF PLAINTIFFS

Plaintiff's representatives shall be provided reasonable access to the Restaurant to verify completion of the above referred-to work on a date mutually agreed to by the parties, to the extent such verification is necessary following review of the digital photographs documenting completion to be provided by Defendant.

### V.   COMPLETION

The Defendant agrees to complete all alterations and modifications within twenty-four (24) months after the entry of this Consent Decree, with the exception of the creation of a van accessible parking space by the currently accessible entrance which shall be completed within ninety (90) days after entry of this Consent Decree.  The Defendant shall notify Plaintiff upon completion of the agreed modifications.  Plaintiff shall be provided reasonable access to the Restaurant to verify completion of the above-referenced work.  Defendant shall provide digital photographs depicting completion of the agreed modifications to potentially obviate the need for a post-completion

inspection. Upon completion of the modifications contained herein, Defendant shall have complied with the ADA at the subject property.

Defendant's completion of the enumerated modifications and alterations shall not be construed as an admission of liability as to any claims which were asserted, or which could have been asserted, in the Complaint or as to any liability regarding compliance with Title III of the Americans With Disabilities Act, 42 U.S.C. Section 12181, et seq. ("ADA")."

## VI.   ATTORNEY'S FEES, EXPERT WITNESS FEES AND LITIGATION EXPENSES

The parties shall negotiate in good faith to resolve the issue of reasonable fees and expenses due Plaintiff's counsel. If no agreement is reached on this issue, Plaintiff shall submit a fee petition for the Court's consideration of this issue within fourteen (14) days from the date of this order. Defendant shall have an opportunity to respond within fourteen (14) days of service of said petition. If the parties fail to resolve this issue among themselves this Court hereby retains jurisdiction to decide this issue as provided herein.

If any action or proceeding is commenced with regard to the subject matter of this Decree, then the prevailing party in such action or proceeding shall be entitled to have its reasonable attorney's fees and costs incurred in said action or proceeding promptly reimbursed by the non-prevailing party.

## VII.   CONTINUING OBLIGATION

It is the intention of the parties that, if the Restaurant is sold or transferred prior to the completion of all the obligations set forth herein, any purchaser or successor in interest shall be required to undertake all of the obligations as set forth herein

## VIII. PARTIES BOUND

This Consent Decree shall be binding upon and inure to the benefit of the parties hereto and their respective officers, directors, agents, successors and assigns. The parties shall perform their obligations under this Consent Decree in good faith.

## IX. ADMISSIBILITY OF CONSENT DECREE

The parties have entered into this Consent Decree with the express understanding that it is the product of settlement negotiations. The Court expressly finds that the parties participated in these negotiations and have executed this Consent Decree in good faith.

## X. WRITTEN NOTICE

Each notice ("Notice") provided for under this Consent Decree must comply with the requirements of this Section. Each Notice shall be in writing and sent by depositing it with a nationally recognized overnight courier service which obtains receipts (such as Federal Express or UPS Next Day Air), addressed to the appropriate party (and marked to a particular individual's attention, if so indicated) as hereinafter provided. Each Notice shall be effective upon being so deposited, but the time period in which a response to any notice must be given or any action taken with respect thereto shall commence to run from the date of receipt of the Notice by the addressee thereof, as evidenced by the return receipt. Rejection or other refusal by the addressee to accept or the inability to deliver because of a changed address of which no Notice was given shall be deemed to be the receipt of the Notice sent. Any party shall have the right from time to time to change the address or individual's attention to which notices to it shall be sent by giving to the other party at least ten (10) days prior notice thereof. The parties' addresses for providing Notices hereunder shall be as follows:

| Plaintiff: | Defendant: |
|---|---|
| Edward I. Zwilling, Esq. | Carol A. Corrigan, Esq. |
| Schwartz Roller & Zwilling | Walter N. Corrigan, Esq. |
| 600 Vestavia Parkway, Suite 251 | Corrigan & Corrigan, PLLC |
| Birmingham, Alabama, 35216 | PO Box 6911 |
| Telephone: (205) 822-2701 | San Antonio, Texas 78209 |
| Facsimile: (205) 822-2702 | Telephone: (210) 829-5508 |
| Email: ezwilling@szalaw.com | Facsimile: (210) 829-0701 |
|  | Email: carolc818@sbcglobal.net |

**IN WITNESS WHEREOF**, the parties have hereunto signed their names on the day and year written below.

| /s/ *Edward I. Zwilling* | /s/ *Carol A. Corrigan* |
|---|---|
| Edward I. Zwilling, Esq. | Carol A. Corrigan, Esq. |
| Schwartz Roller & Zwilling | Walter N. Corrigan, Esq. |
| 600 Vestavia Parkway, Suite 251 | Corrigan & Corrigan, PLLC |
| Birmingham, Alabama, 35216 | PO Box 6911 |
| Telephone: (205) 822-2701 | San Antonio, Texas 78209 |
| Facsimile: (205) 822-2702 | Telephone: (210) 829-5508 |
| Email: ezwilling@szalaw.com | Facsimile: (210) 829-0701 |
|  | Email: carolc818@sbcglobal.net |

JUDGMENT IS HEREBY ORDERED in accordance with the foregoing Consent Decree.

DONE AND ORDERED in Chambers this ___ day of _____ 2015.

_____
UNITED STATES DISTRICT JUDGE

**Conformed copies to:**
Counsel of Record

**Gilbert D. Mobley, Jr**
Accessibility Consultant

501 Crest Avenue
Birmingham, Alabama 35206
205-253-8019
gmblyjr@gmail.com

October 29, 2015

To: Edward I. Zwilling, Esquire
    600 Vestavia Parkway
    Suite 251
    Birmingham, Alabama 35216

Re: Good Time Charley's Bar & Café / Stellar GTC, LLC
    2292 Broadway Street
    San Antonio, Texas 78209

Review of Construction Documents by the Hospitality Design Group / Robert Lee Herbage, Architect for Restroom Additions for Good Time Charley's Bar & Café:

1. Temporary Accessible Parking: At the location of the existing two parking spaces indicated as accessible provide one van accessible parking space by removing the signage on the right space and provide diagonal striping on the space. Raise the existing accessible signage so that the lowest edge of the sign is 60 inches above the finished grade.
2. Accessible Entry: At the existing accessible entry the documents have called for an additional hard surface to be added to the right side of the door to provide for the 24 inches of clear floor space on the pull side of the door. There is no note that shows a reduction of the existing fence to accommodate this modification.
3. Outdoor Dining: There are tables provided in the fenced outdoor area that due to the configuration of the bases of these tables do not have the appropriate knee clearance. In addition, the route from the entry to this area is by way of loose pavers and gravel. Provide a slip resistant accessible path from the existing accessible entry to the first table. At that location, provide an accessible table.
4. Sheets TAS-1 and TAS-2 have been included in the documents for reference. Provide a note that the standards noted on these sheets will be contractually a part of the construction documents so that any required standard omitted on the any of the other sheets in the construction documents will be included in the scope of work.

Gilbert D. Mobley, Jr.
Accessibility Consultant